[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11568
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20608-FAM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTWAN TAMEL HANNA,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Antwan Hanna appeals his 87-month sentence for conspiracy to possess

cocaine with the intent to distribute and possession of cocaine with the intent to

distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Hanna argues that his 87-month sentence, 16 months above the advisory guidelines range of 60 to 71 months, is substantively unreasonable.[1]  After review, we affirm.

We review the substantive reasonableness of a sentence for an abuse of discretion.  Gall v. United States, 552 U.S. 38, 46, 51, 128 S. Ct. 586, 594, 597 (2007); United States v. Osorio-Moreno, 814 F.3d 1282, 1287 (11th Cir. 2016).  The district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  Osorio-Moreno, 814 F.3d at 1287 (quotation marks omitted).  The party challenging the sentence shoulders the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In choosing a sentence, the district court must consider the 18 U.S.C. § 3553(a) sentencing factors but is not required to address each factor explicitly.[2]  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

---

[1]Hanna does not argue that his sentence is procedurally unreasonable or raise any procedural error as to his sentencing.

[2]The § 3553(a) factors include: (1) the circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing

Rather, a district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is generally sufficient. United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009). A district court's unjustified reliance on any one § 3553(a) factor can indicate an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). Nonetheless, a district court may "attach 'great weight' to one factor over others," United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009), and the weight given to a particular § 3553(a) factor is committed to the sound discretion of the district court, United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

When the district court imposes a sentence outside the advisory guidelines range, the district court "must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597). We give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance and do not require extraordinary circumstances to justify such a sentence or presume that such a sentence is unreasonable. Gall, 552 U.S. at 47, 51, 128 S. Ct. at 594-95, 597; see also Shaw, 560 F.3d at 1238.

---

Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Here, the district court did not abuse its discretion when it imposed an 87-month sentence, 16 months above the high end of the advisory guidelines range. In imposing the upward variance, the district court explained that it was particularly concerned that Hanna, unlike his two codefendants in the drug conspiracy, had prior federal convictions for conspiracy and possession with intent to distribute of cocaine base, for which he had just recently completed serving a 121-month sentence. In fact, Hanna was on supervised release for these prior federal cocaine convictions when he committed the instant cocaine offenses.

The district court listened to Hanna's arguments in mitigation, including, inter alia, that: (1) in Hanna's prior federal drug case, he had proceeded to trial, had not accepted responsibility, and had been sentenced under a different version of the Sentencing Guidelines; (2) in the instant case, Hanna had possessed a smaller quantity of drugs (689 marijuana-equivalent kilograms) than in the prior federal drug case (1,098 marijuana-equivalent kilograms); and (3) Hanna would receive an additional prison term (possibly consecutive to the instant sentence) for his supervised release violation in the prior federal drug case. The district court determined, however, that the advisory guidelines range of 60 to 71 months was too low given that Hanna's previous 121-month federal sentence had not deterred him. In addition to deterrence, the district court also stressed that the sentence needed to protect the public from Hanna.

During the sentencing, the district court confirmed that, unlike Hanna, neither of his codefendants had previously served a long prison sentence. The district court stated that although it originally had planned to give Hanna a sentence above 121 months, it had changed its mind in order to avoid any unwarranted sentence disparities with Hanna's codefendants. The district court further pointed out that Hanna's codefendants were equally culpable in terms of their roles in the drug conspiracy, but that each had different criminal histories and personal circumstances.[3] The district court stated that "in view of what the situation is with the codefendants," it would instead vary upward only "slightly."

The district court provided a sufficiently compelling justification for the 16-month upward variance. It was within the district court's discretion to give more weight to deterrence, recidivism, and the need to protect the public. The district court properly considered Hanna's prior federal drug convictions, even though they were factored into his guidelines calculations, given that they involved substantially the same criminal conduct—dealing cocaine—and that the significant sentence of 121 months he received for them had utterly failed to deter him. See United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010) (explaining that

---

[3]Hanna's brother, codefendant Anthony Hanna, had an advisory guidelines range of 188 to 235 months because he was designated a career offender and received a 90-month sentence. Codefendant Harold Gilbert had an advisory guidelines range of 70 to 87 months and received a 70-month sentence.

a district court may consider conduct that was used to calculate the advisory guidelines range in deciding whether to impose a variance based on the § 3553(a) factors).

There is no merit to Hanna's argument that the district court created unwarranted sentence disparities between Hanna and his two codefendants by varying upward in Hanna's case. The district court carefully considered the individual circumstances of each codefendant in choosing their respective sentences. As the district court explained, the difference in treatment between Hanna and his codefendants was due in large part to the fact that Hanna was the only participant in the drug conspiracy who had already served a ten-year sentence for federal drug crimes and then promptly recidivated.

There is also no merit to Hanna's argument that his sentence is unreasonable because he also will have to serve a prison term for his supervised release violation in the prior federal drug case. Whatever punishment Hanna receives for violating the conditions of his supervised release in his 2006 federal criminal case is separate from Hanna's punishment for his new criminal conduct in this case. See 18 U.S.C. § 3583(e)(3) (authorizing the district court to revoke a defendant's supervised release and impose a prison term if the court finds the defendant violated a condition of supervised release); U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b) (explaining that revocation sentences are not directed toward "any new criminal conduct," but

6

instead are designed to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator").

In light of the record as a whole, Hanna has not shown that the district court abused its discretion by imposing a 16-month upward variance and sentencing Hanna to 87 months' imprisonment in the instant case.

**AFFIRMED.**

7